UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM H. CARNEY,
*Individually and as Trustee of*
*the Parker Realty Trust*

        Plaintiff,

        v.                      Docket No. 11-cv-10464-PBS

TOWN OF FRAMINGHAM

        Defendant.

**MEMORANDUM AND ORDER**

April 30, 2012

Saris, U.S.D.J.

**I. INTRODUCTION**

Plaintiff William Carney alleges that the Town of Framingham violated the Takings Clause of the Fifth Amendment to the United States Constitution when its employees entered onto his property to conduct a site inspection concerning trees that had allegedly been felled in violation of state and municipal wetlands law and then cited him for violations. He asserts claims under 42 U.S.C. § 1983 and state law.

Defendant filed a Motion to Dismiss the First Amended Complaint, which Plaintiff opposes. After hearing, the Court **ALLOWS** the Motion to Dismiss.

1

## II. FACTS

When all reasonable inferences are drawn in favor of the Plaintiff, the First Amended Complaint alleges the following facts.

Although Plaintiff, age 74, has been living on Parker Road in Framingham, MA since 1980, he was unaware that his property was a protected wetland. On March 27, 2008, an agent from the Framingham Conservation Commission entered his property without permission to conduct a site inspection concerning alleged violations of the Massachusetts Wetlands Protection Act (the "Act"), Mass. Gen. Laws ch. 131 § 40, and the Wetlands By-Laws of the Town of Framingham.[1] This site visit occurred without advance notice. A neighbor had called the conservation commission and complained that Carney had been illegally felling trees. Although Carney had occasionally cut down dead or dying trees over the time he had resided on the property, he was unaware that his actions may have violated wetlands laws or regulations.

Following the inspection, the Town determined that Carney had, in fact, felled trees in violation of the applicable wetlands regulations. Subsequently, he was ordered to bring his property into compliance by planting new trees, cleaning up brush, and also paying a fine. Carney protested the status of

---

[1] Carney does not raise a Fourth Amendment claim.

his property as protected wetland and argued that he was unable to comply with the Town's demands because of health and financial complications.

Carney challenged the Town's enforcement order in the Massachusetts Superior Court, which dismissed Carney's complaint as untimely and ordered Carney to comply with the enforcement order. See Carney v. Town of Framingham, No. 10-P-1676, 2011 Mass. App. Unpub. LEXIS 875, *1 (July 11, 2011). The Massachusetts Appeals Court affirmed, id. at *6, and the Supreme Judicial Court declined further appellate review. See Carney v. Town of Framingham, 460 Mass. 1111 (2011).

### III. DISCUSSION

**A. Standard of Review**

In order "to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must take as true the allegations in the plaintiff's pleadings and must make all reasonable inferences in favor of the plaintiff. Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (internal quotations and citations omitted). "The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim . . . nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n. 3 (1st Cir. 2006) (citations omitted).

**B. Failure to State a Plausible Federal Claim for Relief**

Carney argues that the Town violated the Fifth Amendment's Takings Clause. He alleges:

> The application of the Wetlands bylaws by the Defendant resulted in an economic loss of the value of the property . . . [and further that] . . . Defendant's wrongful determination that Plaintiff's property is regulated by the State and Federal Wetlands Protection Acts limits Plaintiff's use of his property and should have resulted in a decrease in his real estate taxes as well as save him from being wrongfully harassed by the Defendant through fines, attorney's fees, and reduced market value of Plaintiff's home.

(Compl. ¶¶ 20-22).

"The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation." Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001) (involving a landowner's challenge to the state's denial of his land development proposals, pursuant to wetlands regulations) (citations omitted). "Where a regulation places limitations on land that fall short of eliminating all

4

economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action." Id. (citing Penn Central Transp. Co. v. City New York, 438 U.S. 104, 124 (1978)). In Palazzolo, the Supreme Court remanded the case for an analysis of whether the plaintiff established a deprivation as a result of wetlands regulations under the Penn Central analysis, even though it was undisputed that the parcel retained "significant worth for construction of a residence." Id. at 632.

The question is whether the Town's limitation on Carney's ability to clear trees on a portion of his property under the wetlands regulations constitutes a regulatory taking. Challenges to wetlands regulations as regulatory takings typically require significant diminutions in property value before a taking is found. The Court of Federal Claims concluded, "[O]ne cannot remotely say that diminution on the order of 14 percent [had] the effect of a taking." Brace v. United States, 72 Fed.Cl. 337, 357 (Fed. Cl. 2006). Similarly, a regulatory takings challenge failed where there was "a permanent ban on any type of building or landscaping on approximately eight to eleven per cent of the plaintiffs' property." Blair v. Department of Conservation and

Recreation, 457 Mass. 634, 645 (2010). The Court reasoned: "The eight to eleven per cent reduction in the amount of land that the plaintiffs can use may result in a diminution in value of their property, but it does not interfere with the plaintiffs' use of the land to the extent that would represent a taking." Id. (footnote omitted); see also Moskow v. Commissioner of Envtl. Mgt., 384 Mass. 530, 534-35 (1981) (rejecting a takings challenge under wetlands regulations that prohibited building on fifty-five percent of plaintiff's land where plaintiff could build a single house on the remaining portion).

Carney has not alleged any economic loss that would suggest he has suffered a regulatory taking from the wetlands limitations under the Penn Central factors. (Compl. ¶ 20). Carney continues to live in his home built on the property. (Compl. ¶ 1). He alleges that the regulation "limits the use of his property," (Compl. ¶ 22), but a diminution in use, without more, is not a taking. This is not a case where Carney has alleged that his investment-backed expectations have been frustrated because he has been denied a license or variance to develop his property. Finally, "the character of the government action" does not suggest a regulatory taking has occurred. Carney does not challenge the Act's beneficial purpose of protecting wetlands from pollution and flooding. See Penn Central, 438 U.S. at 124 ("A 'taking' may more readily be found when the interference with

property can be characterized as a physical invasion by government, than when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good.") (citations omitted).

Because Carney has failed to allege a plausible regulatory takings claim, Count VI, the only federal claim, is dismissed. The court declines supplemental jurisdiction over the remaining state law claims (i.e. Counts I, II, III, IV, and V). See 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction.").

## IV. ORDER

(1) Defendant's Motion to Dismiss, (Docket No. 16), is **ALLOWED** with prejudice for Count VI.

(2) Defendant's Motion to Dismiss, (Docket No. 16), is **ALLOWED** without prejudice for Counts I, II, III, IV, and V.

    /s/ PATTI B. SARIS

    PATTI B. SARIS
    United States District Judge